**Harold BROWN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–82–162–CR.**

Court of Appeals of Texas, Waco.

April 14, 1983.

Rehearing Denied April 28, 1983.

Petition for Discretionary Review Refused July 20, 1983.

Roderick S. Squires, Williams, Pattillo & Squires, Waco, for appellant.

Victor Feazell, Criminal Dist. Atty., Lynnan L. Kendrick, Asst. Criminal Dist. Atty., Waco, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant from conviction for Escape From Custody, Enhanced, for which he was sentenced to 20 years in the Texas Department of Corrections and assessed a $7,500.00 fine.

The record reflects defendant was brought by a Sheriff's Deputy from the County Jail into the District Courtroom for a hearing on his motion for rehearing in his conviction and sentencing for burglary of a habitation with intent to commit rape; that he without anyone's permission ran out of the courtroom door; jumped over the railing on the rotunda; dropped to the first floor; ran to a window; jumped through a window and ran down the street, a number of witnesses testified to the foregoing.

It was proven on the punishment phase of the trial that defendant has previously been convicted of a felony.

Defendant appeals on one Ground of Error: "The District Court, erred in permitting the Presiding Judge to testify over Appellant's objection since this violated the Appellant's due process right to a fair trial before an impartial jury".

Over defendant's objection the state called the District Judge presiding in the case, and elicited testimony that he was presiding on the bench on February 22, 1982, that defendant herein was before the court for hearing on motion for new trial in his conviction for burglary of a habitation; that defendant had been sentenced for such offense; that he (the Judge) looked up and defendant was running out the door; bolted over the rotunda railing; was not on bail; and did not have permission to leave the courtroom. Thereafter on punishment phase the trial judge further testified defendant had been convicted of burglary of a habitation with intent to commit rape and sentenced to 99 years in the Texas Department of Corrections.

Article 38.13 Texas Code of Criminal Procedure provides the trial judge is a competent witness for either the State or the accused, and may be sworn by the clerk of his court and examined, but that he is not required to testify if he declares that there is no fact within his knowledge important in the case.

Here defendant was accused of Escape from Custody by running out of the courtroom during hearing on a motion for new trial following his previous conviction for burglary, and while he was in custody. The trial judge sitting on the bench who saw him run out of the courtroom and jump the rail certainly had first hand knowledge of material facts in the case; as he had of the conviction for burglary he testified to in the punishment phase.

Moreover, a number of witnesses testified to the same facts as the judge in the guilt-innocent phase and there was no controverting evidence; and defendant plead "true" to the prior burglary conviction.

Considering the record as a whole, the defendant was not denied due process right to a fair trial before an impartial jury, as guaranteed by our Federal and State Constitutions.

Defendant's point is overruled.

AFFIRMED.

THOMAS, A.J., not participating.